Circuit Court for Anne Arundel County
Case No. C-02-CV-24-002246
Argued: October 9, 2024

IN THE SUPREME COURT

OF MARYLAND

No. 26

September Term, 2024

_____


MARYLAND STATE BOARD OF
ELECTIONS, ET AL.

v.

ANTHONY J. AMBRIDGE, ET AL.

_____

Fader, C.J.,
Booth,
Biran,
Gould,
Eaves,
Killough,
Battaglia, Lynne A.
    (Senior Justice, Specially
    Assigned),

JJ.

_____

PER CURIAM ORDER
_____

Filed: October 10, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

|  | * | IN THE |
| MARYLAND STATE BOARD OF ELECTIONS, ET AL. | * | |
| | * | SUPREME COURT |
| | * | OF MARYLAND |
| v. | * | |
| ANTHONY J. AMBRIDGE, ET AL. | * | No. 26 |
| | * | September Term, 2024 |
| | * | |

PER CURIAM ORDER

Upon consideration of the filings by the Maryland State Board of Elections, et al., Appellants,[1] and Anthony J. Ambridge, et al., Appellees,[2] and oral argument conducted on October 9, 2024,

Whereas, the Maryland State Board of Elections is the State agency responsible for preparing the content and arrangement of all ballots used in Maryland elections pursuant to § 9-202(a) of the Election Law Article; and

Whereas, Appellees are twenty-three voters registered in Baltimore City; and

Whereas, on March 11, 2024, the Mayor and City Council of Baltimore enacted Resolution 23-0444 to submit Ballot Question F to the voters of Baltimore City to amend Article I, § 9, of the Charter of Baltimore City; and

---

[1] The other appellants are the Mayor and City Council of Baltimore and MCB HP Baltimore LLC.

[2] The other appellees are Linda Lynn Batts, Brent Bederka, Elizabeth Bement, Carol Lois Berkower, Teporah Bilezikian, Leon Bridges, Lauren Brown, Sharon Dlosh, Johanna Doble, Michael S. Donnenberg, Dolph Druckman, Paula Jane Fernandes, Robert L. Merbler, Ellen Meyer, Jennifer Morse Boyer, James Prost, Winstead Rouse, Sandra Seward, Donna Shapiro, Olivia Taylor, David Tufaro, and Katherine Venanzi.

Whereas, on August 2, 2024, the Chief Solicitor of the Baltimore City Law Department transmitted a letter to the Maryland State Board of Elections certifying the language of Ballot Question F; and

Whereas, on September 2, 2024, the Maryland State Board of Elections posted to its website the final content and arrangement of all ballots to be used in the 2024 November general election; and

Whereas, on September 5, 2024, Mr. Ambridge filed a petition for judicial review of Ballot Question F in the Circuit Court for Anne Arundel County pursuant to § 9-209(a) of the Election Law Article; and

Whereas, on September 6, 2024, Appellees filed an amended petition adding the other appellees as parties; and

Whereas, on September 9, 2024, Appellees amended their petition to add a claim under § 12-202(a) of the Election Law Article; and

Whereas, on September 10, 2024, Appellees filed a memorandum in support of their petition in which they argued that Ballot Question F is invalid because (1) it is improper "charter material" in violation of Article XI-A, § 3, of the Constitution of Maryland and (2) the language is not "easily understandable by voters" in violation of Election Law § 9-203(1); and

Whereas, on September 13, 2024, the Maryland State Board of Elections opposed Appellees' petition for judicial review on the grounds, among others, that judicial review pursuant to Election Law § 9-209(a) was not an appropriate mechanism to raise Appellees'

2

claims and that Appellees' claims pursuant to Election Law § 12-202 were barred by laches; and

Whereas, on September 17, 2024, after a hearing, the circuit court issued a memorandum opinion and order in which it determined that Appellees' claims were not barred by laches and could be raised pursuant to Election Law § 9-209(a). On the merits, the circuit court determined that Ballot Question F: (1) "violates Article XI-A §3 of the Maryland Constitution in that it is not proper charter material"; and (2) alternatively, violates Election Law § 9-205(2), which requires that each ballot contain "a statement of each question that has met all of the qualifications to appear on the ballot," because the language is not "easily understandable by voters," as required by Election Law § 9-203(1). As a remedy, the circuit court ordered that "the Baltimore City Board of Elections shall not certify the results of Ballot Question 'F' arising from the 2024 General Election for the City of Baltimore"; and

Whereas, on September 19, 2024, the Mayor and City Council of Baltimore and MCB HP Baltimore LLC moved to intervene as defendants; and

Whereas, on September 20, 2024, the circuit court granted their motions to intervene; and

Whereas, on the same day, Appellants noted direct appeals from the circuit court's judgment to this Court pursuant to Election Law §§ 9-209(d)(1)(ii) and 12-203(a)(3); and

Whereas, on October 9, 2024, this Court held oral argument,

Now, therefore, for reasons to be stated later in an opinion to be filed, it is this 10th day of October, 2024, by the Supreme Court of Maryland,

3

ORDERED, that the Order issued by the Circuit Court for Anne Arundel County on September 17, 2024, is hereby REVERSED; and it is further

ORDERED, that § 9-209(a) of the Election Law Article, which provides for "judicial review of the content and arrangement [of the ballot], or to correct any administrative error" on the ballot, is not a proper mechanism to challenge either whether a proposed charter amendment is proper charter material or whether the language of a proposed charter amendment comports with § 9-203(1) of the Election Law Article; and it is further

ORDERED, that the circuit court erred in entering judgment in favor of Appellees on their claim that Ballot Question F violates Article XI-A § 3 of the Constitution of Maryland; and it is further

ORDERED that Ballot Question F is not improper charter material. *See Cheeks v. Cedlair Corp.*, 287 Md. 595, 608 (1980); and it is further

ORDERED that the circuit court erred in entering judgment in favor of Appellees on their claim that Ballot Question F violates §§ 9-203(1) and 9-205(2) of the Election Law Article; and it is further

ORDERED that the appropriate election authority may certify the results of Ballot Question F as presented on the November 2024 general election ballot; and it is further

4

ORDERED that this case is remanded to the Circuit Court for Anne Arundel County for entry of judgment in favor of Appellants. Costs are to be paid by Appellees. The mandate shall issue forthwith.


    /s/ Matthew J. Fader
            Chief Justice